# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:04-CR-057
                                                  Also 1:16-cv-512

                                                  District Judge Susan J. Dlott
      -  vs  -                             Magistrate Judge Michael R. Merz

LEONARD DRISTER,

                Defendant.      :

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. Defendant Leonard Drister filed this action under 28 U.S.C. § 2255, arguing *Johnson* applied to the analogous residual clause language in the Sentencing Guidelines under which he had received an enhanced sentence as a career offender (ECF No. 154). With the assistance of appointed counsel, Mr. Drister supplemented that Motion (Supplemental Motion, ECF No. 154).

Noting the grant of certiorari in *Beckles v. United States*,— U.S. —,2016 WL 1029080 (2016), the United States moved, with Defendant's consent, to stay these proceedings pending the *Beckles* decision (Motion, ECF No. 168). The Court followed the instruction of the Sixth Circuit in *In re: Embry*, 831 F.3d 377 (6th Cir. 2016), and stayed the case pending the outcome in *Beckles* (Decision and Order, ECF No. 169). The Supreme Court has now decided that case.

1

*Beckles v. United States*, 2017 U.S. LEXIS 1572 (March 6, 2017).  Accordingly, the stay of proceedings herein is VACATED.

Moreover, the Supreme Court decided *Beckles* in a way that is fatal to Mr. Drister's claim by deciding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id*. at *11.

Although Mr. Drister has filed a pro se interlocutory appeal (ECF No. 174) from the Magistrate Judge's denial of replacement counsel (ECF No. 172), the appeal does not deprive this Court of jurisdiction because (1) it is untimely, (2) it is taken from a Magistrate Judge's order without first appealing to the District Judge, and (3) Mr. Drister has neither sought nor received permission to appeal under 28 U.S.C. § 1292(b).  A district court retains jurisdiction over an action when appeal is attempted to be taken from a non-appealable non-final order. *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). *Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986); *Baker v. Raulie,* 879 F.2d 1396 (6th Cir. 1989)(per curiam).

It is therefore respectfully recommended that Defendant's § 2255 Motions (ECF No. 154 & 158) be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255.

March 8, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).