# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

         Plaintiff,  :  Case No. 1:04-CR-057
                             Also 1:16-cv-512

                              District Judge Susan J. Dlott
- vs -                       Magistrate Judge Michael R. Merz

LEONARD DRISTER,

         Defendant.  :

## REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Defendant's Motion to Reconsider Order Adopting Report and Recommendations (ECF No. 184).

Neither the Rules Governing § 2255 Proceedings nor the Federal Rules of Civil Procedure provide for a motion for reconsideration. However, the instant motion was filed within the time allowed for a motion to amend the judgment under Fed. R. Civ. P. 59(e) and will be thus construed. As a post-judgment motion, it is deemed referred to the Magistrate Judge[1] for report and recommendations under Fed. R. Civ. P. 72(b)(3).

---

[1] Counsel refers to the undersigned throughout the Objections as "Magistrate." The title of the office was changed by Congress in 1991 to "Magistrate Judge." Shortening the title to "Magistrate" is an unusual contraction. While the Supreme Court is sometimes spoken of colloquially as "the Supremes," one never hears a Circuit Judge referred to as a "Circuit" or a

1

This § 2255 proceeding was filed April 29, 2016 (ECF No. 154), and then amended by counsel after counsel was appointed to represent Mr. Drister (ECF No. 158). On August 2, 2016, on motion of the United States and the Sixth Circuit's direction in In re: Embry, 831 F.3d 377 (6th Cir. 2016), the Court stayed these proceedings pending the outcome of *Beckles v. United States*, cert. granted at 2016 U.S. LEXIS 4142 Case No. 15-8544(June 27, 2016)(ECF No. 169). Beckles was decided March 6, 2017. *Beckles v. United States*, 2017 U.S. LEXIS 1572. On the basis of that decision, the Magistrate Judge vacated the stay and recommended that the § 2255 motion be dismissed with prejudice (Report and Recommendations, ECF No. 176).

Mr. Drister, who is represented by appointed counsel in this case, had until March 22, 2017, to object. He filed a general objection but sought and received a twenty-day extension of time to brief those objections (ECF Nos. 178, 179). Instead of doing so, his counsel filed on April 4, 2017, a document labeled "Withdrawal of Motion to Vacate under 8 [sic] U.S.C. § 2255" (ECF No. 180). This document is shown on the docket as a "motion to withdraw," but it is not. Instead, it purports to be effective in its own right – a withdrawal. No authority is cited for the proposition that a § 2255 motion can be withdrawn at a time when a recommendation is pending to dismiss it with prejudice.

A motion to vacate under § 2255 is analogous to a complaint in a civil case or a petition in a habeas corpus case: it is an initiating document for a new proceeding. This Court's practice has been to treat § 2255 motions as governed by Fed. R. Civ. P. 41: they can be withdrawn without prejudice until an answer is filed, but thereafter dismissal without prejudice requires either court permission or the consent of the opposing party. Because Mr. Drister had neither,

---

District Judge" referred to as a "District." Why then contract "Magistrate Judge" to "Magistrate"?

the Magistrate Judge struck his purported Withdrawal on April 4, 2017. Mr. Drister's time to file objections to dismissal with prejudice expired on April 10, 2017, and no objections were filed.

The standard for considering a motion under Fed. R. Civ. P. 59(e) has been stated as follows:

> Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe,* 146 F.3d at 374, newly discovered evidence, see id., an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v.* ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis,* 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52, quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Mr. Drister's claim is under the last of these headings. He asserts "it would be unfair and unjust to allow this wildly fluctuating area of the law to adversely prejudice any subsequent filings by this Defendant." However, the only prejudice arising from a dismissal with prejudice is that any subsequent § 2255 filing would require permission from the Sixth Circuit Court of Appeals under 28 U.S.C. § 2255(h), but that is the result Congress intended in adopting the AEDPA.

Moreover, judgment was entered as to Mr. Drister more than ten years ago on May 10, 2006 (ECF No. 73). The conviction was affirmed on appeal August 27, 2007 (ECF No. 109). The Supreme Court denied certiorari on January 7, 2008 (ECF No. 115). Thus the case became final on that date and Mr. Drister's time to file a motion to vacate under 28 U.S.C. § 2255 expired one year later. Thus Mr. Drister is barred by the statute of limitations from filing a § 2255 motion in the absence of a Supreme Court decision made retroactively applicable to cases on collateral review, as he obviously hoped would happen with cases under the Sentencing Guidelines residual clause, but to which *Beckles* gave a definitive end.

Mr. Drister argues his "Withdrawal" can be construed as a Motion to Dismiss Without Prejudice" (ECF No. 184). However, he gives no reason for doing so. While a pro se litigant might be entitled to such a liberal construction of his pleadings, Mr. Drister is represented by appointed counsel.

While Mr. Drister represents he submitted a "Stipulated Motion to Withdraw" to the United States Attorney (ECF No. 184), he makes no representation that the Government has agreed to that Motion.

**Conclusion**

Mr. Drister has shown no manifest error of law in the Court's dismissal with prejudice when no objections were filed. Nor has he shown any prejudice since his time for filing a § 2255

motion (absent retroactivity) has long since expired. The Motion to Reconsider should therefore be DENIED.

April 19, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).