# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:04-CR-057
                                       Also 1:16-cv-512

                                       District Judge Susan J. Dlott
- vs -                            Magistrate Judge Michael R. Merz

LEONARD DRISTER,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

       This § 2255 case is before the Court on Defendant's Request for a Certificate of Appealability (ECF No. 192) on the question "whether, in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015), the one-year requirement to file petitions under 18 U.S.C. 2255 [sic]; and the subsequent decision in *Beckles v. United States*, ___ U.S. ___, 2016 WL 1029080 (2016), the Defendant should have been allowed to withdraw his petition for relief." *Id.* at PageID 900. Defendant also moves to appeal *in forma pauperis* (ECF No. 193).

       Having been filed post-judgment, these Motions are deemed referred to the undersigned for report and recommendations under 28 U.S.C. § 636(b)(3).

       To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that

1

reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L.Ed 2d 1 (2017).

**Procedural History**

On June 1, 2005, Leonard Drister entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts 2 and 5 of the Indictment in this case, charging him with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and § 2 and with discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)A)(iii) (ECF No. 59, PageID 115). On May 5, 2006, he was sentenced to imprisonment for 235 months (ECF No. 72). The conviction was affirmed on appeal. *United States v. Drister*, 240 Fed. Appx. 81 (6th Cir. Aug. 27, 2007). The Supreme Court denied certiorari January 15, 2008 (ECF No. 115). In the absence of a later start date, Drister's time to file a motion to vacate under § 2255 expired one year later on January 15, 2009. 28 U.S.C. § 2255(f)(1).

On April 1, 2016, the Court appointed Attorney Ty Foster to represent Mr. Drister pursuant to General Order 15-03 (ECF No. 153). Approximately one month later, Drister filed commenced the instant § 2255 proceeding pro se (ECF No. 154). Counsel then filed a Supplement (ECF No. 158). Although the Magistrate Judge ordered an answer (ECF No. 156), the United States filed an Amended Motion to Hold the Case in Abeyance based on the grant of certiorari in Beckles, supra, to which Drister consented (ECF No. 168). As directed by the Sixth

Circuit in *In re: Embry,* 831 F.3d 377 (6th Cir. 2016), the Court ordered the proceedings stayed pending the decision in *Beckles* (ECF No. 169).

Once the Supreme Court decided in Beckles that its decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), does not apply to persons found to be career offenders under the advisory Sentencing Guidelines, the Magistrate Judge recommended, on March 8, 2017, that this § 2255 case be dismissed with prejudice (Report, ECF No. 176). Drister requested and received an extension of time within which to file objections (ECF No. 178, 179). Instead, he filed a Withdrawal of Motion to Vacate (ECF No. 180). The Magistrate Judge struck this document because the Government had filed an answer and dismissal without prejudice could therefore only be done on motion or with the government's consent (ECF No. 181). Drister moved for reconsideration (ECF No. 184, 185), but did not object to the Magistrate Judge's recommendation that the motion be denied and Judge Dlott had adopted it (ECF No. 194). In the meantime, Drister had filed a Notice of Appeal (ECF No. 187).

## Analysis

Drister claims that the Magistrate Judge's striking of his Withdrawal was done *sua sponte* and not accompanied by any citation of authority. He relies on Fed. R. Civ. P. 12(f) which speaks to a court's authority to strike material from a pleading. (ECF No. 192, PageID 904). He also claims that "[i]n subsequent rulings, the Magistrate explained that there was a local Court practice to allow only a Motion to Dismiss . . ."

The Magistrate Judge did not rely on Fed. R. Civ. P. 12(f) or on any local court practice. Instead, the Magistrate Judge relied on Fed. R. Civ. P. 41 which provides that an action may be

3

voluntarily dismissed by a plaintiff without prejudice and without a court order only upon the filing of a notice of dismissal before the opposing party has filed either an answer or a motion for summary judgment or a stipulation of dismissal signed by all parties who have appeared.

The Magistrate Judge, however, erred in striking the Withdrawal. In this case the United States had not filed an answer or motion for summary judgment. Therefore Drister was entitled to dismiss this § 2255 proceeding without prejudice without either the Government's agreement or an order of the Court.

In order to correct this error, the Magistrate Judge agrees that if Drister voluntarily dismisses his appeal, the Magistrate Judge will withdraw the Order striking the Withdrawal and allow the case to stand as dismissed without prejudice. If he declines to dismiss the appeal, he should be granted a certificate of appealability on the question presented and allowed to proceed on appeal *in forma pauperis*.

May 25, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).