IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:04-cr-57(1) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Denying Motion for** |
| Leonard Drister, | : | **Compassionate Release** |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Leonard Drister's Motion for Compassionate Release and Supplemental Motion for Compassionate Release. (Docs. 207, 211.) The Government opposes Defendant's Motion. (Doc. 212.) For the reasons that follow, Drister's Motion will be **DENIED**.

**I.      BACKGROUND**

On June 1, 2005, Drister pled guilty to Counts 2 and 5 of the Indictment. (Docs. 58, 59.) Count 2 charged Drister with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2. (Doc. 1 at PageID 4.) Count 5 charged Drister with discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (*Id.* at PageID 5–6.)

Pursuant to the Statement of Facts to which he admitted, on April 12, 2004, Drister along with his two co-Defendants, entered a PNC Bank in Cincinnati, Ohio. (Doc. 59 at PageID 120.) Upon entering the bank, Drister's co-Defendants jumped the teller counter and began removing money from the cash drawers, while Drister ordered the bank employees and customers to the ground at gunpoint. (*Id.*) After stealing approximately $55,587.62, Defendants exited the bank and fled the scene in a vehicle. (*Id.*) After traveling a short distance, Defendants changed vehicles and a short police chase ensued. (*Id.*) The driver of Defendants' vehicle lost control

and crashed into a tree, so Defendants exited the vehicle and attempted to flee on foot. (*Id.*) While fleeing, Drister, armed with a semi-automatic handgun, fired six gunshots at the officers. (*Id.*) All three Defendants were ultimately apprehended and arrested. (*Id.*) Officers recovered a canvass bag containing $54,274.00 stolen from the bank. (*Id.*)

On May 5, 2006, Drister was sentenced to 235 months of imprisonment on Count 2 and 120 months of imprisonment on Count 5, to be served consecutively. (Doc. 73.) Drister is currently incarcerated at FCI Mendota and his projected release date is May 23, 2031. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 1/21/2022).

On July 20, 2021, Drister requested compassionate release from the warden of FCI Mendota. (Doc. 207 at PageID 944.) The warden denied the request on July 28, 2021. (*Id.* at PageID 943.) On September 21, 2021, Drister filed a *pro se* Motion for Compassionate Release, and his attorney filed a Supplemental Motion for Compassionate Release on December 17, 2021. (Docs. 207, 211.) The Government responded in opposition. (Doc. 212.) Drister argues that he suffers from asthma which, combined with his incarceration, increases his risk of serious illness or death if he contracts COVID-19.

## II.  STANDARD OF LAW

Drister seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant

2

seeking a sentence reduction bears the burden of proof. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Where, as here, a defendant has exhausted administrative remedies,[1] the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)) (alteration in original). Courts generally have

---

[1] The Government concedes Drister exhausted his administrative remedies.

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit recently defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of its weighing the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 564; *see also United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

Drister argues that he suffers from asthma, which renders him susceptible to serious illness or death if he contracts COVID-19. "During the COVID-19 pandemic, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at

his or her prison facility." *United States v. Whitmire*, No. 1:17-cr-34, 2021 WL 3883748, at *3 (S.D. Ohio Aug. 31, 2021) (quoting *United States v. Provost*, 474 F. Supp. 3d 819, 825 (E.D. Va. 2020)). "Generalized fears of contracting COVID-19, without more, do not constitute a compelling reason." *United States v. Bothra*, 838 F. App'x 184, 185 (6th Cir. 2021).

The Court finds Drister has failed to demonstrate an extraordinary and compelling reason for release. Drister has not established that he suffers from a medical condition that renders him particularly susceptible to COVID-19. The medical records Drister submitted indicate he suffered four asthma attacks between 1980 and 1982 when he was a child. (Doc. 207-1.) However, upon review of Drister's medical records from 2020 to 2021 submitted by the Government, the Court was unable to find any reference to a current diagnosis of asthma.[3] (Docs. 212-2, 212-3.) As Drister has not substantiated his purported medical condition, compassionate release is not warranted. *See United States v. Ho*, No. 1:17-cr-0057, 2021 WL 4440189, at *3 (S.D. Ohio Sept. 28, 2021) (denying motion for compassionate release where inmate did not submit his medical records and the court was therefore unable to confirm his purported medical conditions).

Even assuming Drister had established he suffers from asthma, he is not entitled to release. Since the pandemic began, three vaccines have been developed in the United States and have been recognized by the Centers for Disease Control and Prevention ("CDC") as safe and effective at reducing the risk of severe illness from COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, "Different COVID-19 Vaccines," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines.html (last accessed 1/21/2022). And "[n]ow that COVID-19 vaccinations are being administered throughout the

---

[3] Drister's *pro se* Motion cites his "youth history" of a chronic asthma/allergy condition as the basis for his requested release. (Doc. 207 at PageID 941.)

Bureau of Prisons, compassionate release motions generally lack merit." *Ho*, 2021 WL 4440189, at *4 (quoting *United States v. Reed*, No. 18-CR-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021)).

On April 8, 2021, Drister was offered and refused the Moderna COVID-19 vaccine. (Doc. 212-2 at PageID 1000.) However, Drister subsequently received the Johnson & Johnson/Janssen COVID-19 vaccine on June 2, 2021. (*Id.*) Guidance from the CDC provides that an individual is considered fully vaccinated two weeks after receiving one dose of the Janssen vaccine, meaning Drister is fully inoculated against COVID-19. CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, "Stay Up to Date with Your Vaccines," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (last accessed 1/21/2022). "Once an inmate is vaccinated against COVID-19, there is little-to-no risk of contracting severe COVID-19 and thus no extraordinary and compelling reason to justify compassionate release." *Ho*, 2021 WL 4440189, at *4; *see also United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) ("[The defendant] initially rejected the COVID-19 vaccine but has since received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' justification for compassionate release."); *United States v. Shade*, No. 2:19-cr-88, 2021 WL 2069759, at *2 (S.D. Ohio May 24, 2021) ("[The defendant] is now fully vaccinated. Accordingly, the Court finds that the Coronavirus Pandemic is not an extraordinary and compelling reason for [the defendant's] release.").

The current COVID-19 conditions in Drister's facility provide further support for the conclusion that there are not extraordinary and compelling reasons that warrant his release. At FCI Mendota, 240 staff and 1,070 inmates have been vaccinated against COVID-19. *See* FEDERAL BUREAU OF PRISONS, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/

(last accessed 1/21/2022). With an inmate population of 1,196, this is a vaccination rate of approximately 89% of the inmate population. *See* FEDERAL BUREAU OF PRISONS, "FCI Mendota," https://www.bop.gov/locations/institutions/men/ (last accessed 1/21/2022). FCI Mendota currently has two inmates and five staff who have tested positive for COVID-19, as well as fifty-nine inmates and forty-nine staff who have recovered from COVID-19. One inmate and zero staff deaths have been reported at the facility. *See* FEDERAL BUREAU OF PRISONS, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed 1/21/2022).

For these reasons, compassionate release is not warranted. Drister has failed to demonstrate he suffers from serious medical conditions. Drister is vaccinated against COVID-19 and a significant portion of the inmate population at FCI Mendota likewise has been vaccinated. There is no justification that COVID-19 presents a serious risk to Drister at this time. Accordingly, the Court finds that no extraordinary and compelling reasons exist for his release.

### B. 18 U.S.C. § 3553(a) Sentencing Factors

Although the lack of extraordinary and compelling reasons warranting release is sufficient in itself to deny Drister's Motion, for the sake of thoroughness the Court will proceed to consider the § 3553(a) sentencing factors. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). Among the factors to be considered are the nature and characteristics of the defendant's offense; the defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities. The Court thoroughly considered these factors at the initial sentencing hearing and its conclusions have not changed.

As to the nature and characteristics of the offense, Drister admitted to robbing a bank by force or violence and discharging a firearm during the commission of the bank robbery. While Drister and his co-Defendants fled on foot from their inoperative getaway vehicle, a brief shootout occurred after Drister began firing at the officers. During the shootout, Drister held a bullet proof vest in his right hand which he used as a shield. (Presentence Report ("PSR"), ¶ 21.) This was a very serious offense, and it was miraculous that no one was seriously injured or killed during the criminal conduct.

Further, Drister has an extensive criminal history and was sentenced as a career offender as he had previously been convicted of felonious assault and burglary. (PSR, ¶¶ 64–65.) He was assessed a criminal history category of VI and he was serving a period of post-release supervision at the time he committed the instant offense. (PSR, ¶ 63.) Drister's pattern of criminal behaviors concerns the Court that he would be likely to commit future crimes and remain a risk to the public. Furthermore, the medical conditions from which Defendant asserts he suffers are not of the type that would prevent him from engaging in future criminal conduct so as to remove or reduce his risk to the public. *See, e.g., United States v. Smith,* No. 15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327) (defendant's condition was so deteriorated she no longer posed a threat to the community).

For these reasons, the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

IV. **CONCLUSION**

For the many reasons explained herein, Drister's Motion for Compassionate Release (Doc. 207) and Supplemental Motion for Compassionate Release (Doc. 211) are **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott<br>
Susan J. Dlott<br>
United States District Judge

9